BETH CREIGHTON, OSB #972440
E-mail: beth@civilrightspdx.com
KRISTIN R. BELL, OSB #235024
E-mail: kristin@civilrightspdx.com
CREIGHTON & ROSE, PC
Strowbridge Building, Suite 300
735 SW First Avenue
Portland, Oregon  97204
Phone:  (503) 221-1792
Fax:     (503) 223-1516

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**SHIANNA FURLOW,**

          Plaintiff,

     vs.

**MID-VALLEY HEALTHCARE, INC. and
SAMARITAN HEALTH SERVICES, INC.**

          Defendants.

Civil Case No. 6:26-cv-1417

**COMPLAINT**

**(20 USC §1681 - Title IX; Sex
Discrimination, 18 USC §1595 -
Trafficking Victims Protection Act; Civil
Remedy, State Law Sex Discrimination
(Hostile Work Environment); ORS
659A.030(1)(b)), State Law Sex
Discrimination (Discharge); ORS
659A.030(1)(a), Negligence**

**JURY TRIAL REQUESTED**

## I.  INTRODUCTION

1.      Pursuant to 20 USC §1681, 18 USC §1595, and Oregon state statutes and

common law, Plaintiff alleges the deprivation of her rights as protected by state and federal law.

She seeks damages in an amount to be determined by a jury at trial, punitive and equitable

CREIGHTON
& ROSE, PC

ATTORNEYS
AT LAW

735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

remedies, along with reasonable and necessary attorney fees and litigation expenses/costs, including expert witness fees and expenses.

## II.  JURISDICTION AND VENUE

2.      This court has jurisdiction under 28 USC §1331 and 28 USC §1343 because Plaintiff asserts a cause of action arising under the laws of the United States. The court has supplemental jurisdiction of Plaintiff's state law claims under 28 USC §1367.

3.      Venue is in the District of Oregon, Eugene division pursuant to 28 USC §1391(b) and LR 3 because the claims arose in Lebanon, Oregon, which lies in the Eugene Division of the District of Oregon.

## III.  PARTIES

4.      Plaintiff Shianna Furlow (herein "Furlow")  was, and is,  a resident of the State of Oregon.

5.      Defendant Mid-Valley Healthcare, Inc., (herein "Mid-Valley") is a corporation organized under the laws of Oregon with a principal place of business in Lebanon, Oregon.

6.      Mid-Valley is a corporation that receives federal financial assistance and is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation.

7.      Mid-Valley is a member of Defendant Samaritan Health Services, Inc., (herein "Samaritan Health") a corporation organized under the laws of Oregon with a principle place of business in Corvallis, Oregon.

8.      Samaritan Health is a corporation that receives federal financial assistance and is principally engaged in the business of providing education, health care, housing, social services,

CREIGHTON & ROSE, PC    ATTORNEYS AT LAW

735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 2 –  COMPLAINT

or parks and recreation.

## IV. FACTS

9.      Mid-Valley hired Furlow as a Peer Support Specialist Intern for Mid-Valley and Samaritan Health's Samaritan Treatment & Recovery Services (herein "STARS") program in Lebanon, Oregon in November of 2024.

10.     Peer Support Specialists and Peer Support Specialist Interns at STARS have previously struggled with addiction and assist people in the process of recovery. At the time relevant to these events, Furlow was in recovery for 14 years and had been clean and sober for 9 years.

11.     In February 2024, approximately eight weeks into her employment at STARS, Furlow's Supervisor and a manager, Charles Johnson (herein "Johnson"), began a campaign of calculated and deceptive practices targeting Furlow.  He drew her into a false sense of trust by communicating with her regarding her personal life, intimacy and lack of dating. He created an environment of belonging and secrecy while desensitizing her to generally accepted boundaries in workplace environment. He identified her vulnerabilities and exploited them for his own sexual predilections. His initial attentions were unwelcome and unwanted.

12.     For five months, Johnson took every chance he had to take advantage of Furlow's vulnerabilities sexually, emotionally, and otherwise, causing her to believe that he could be trusted and professing deep emotions for Furlow in order to manipulate her into compliance with his sexual advances.

13.     Johnson was in a position of trust and power over Furlow. Johnson was in charge of conducting the observation hours required for Furlow's internship. In order to continue her

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

internship Furlow was required to achieve high reviews from Johnson. Furlow felt compelled to succumb to his advances due to Johnson's power over her livelihood and his catering to her vulnerabilities.  Much of the sexual abuse Johnson subjected Furlow to occurred during her observation hours.

14.    Due to the power dynamic of their relationship and because she feared retaliation, losing her income, and losing her chance of her chosen career, Furlow felt pressured into a sexual relationship with Johnson and did not report his inappropriate behavior for several months.

15.    Johnson further preyed on Furlow and her vulnerabilities by asking her deeply personal questions and using the information he learned about her to both create a false sense of intimacy, as well as to coerce her into satisfying his sexual needs through fear of the impact on her employment.

16.    Johnson subjected Furlow to unwelcome sexual harassment during her time at STARS, including, but not limited to the following:

(a)    physically forcing himself onto Furlow during her mandatory observation hours,

(b)    using Microsoft Teams to send Furlow sexually explicit messages during work hours,

(c)    physically pressuring Furlow into engaging in oral sex with him,

(d)    treating Furlow poorly in retaliation when she attempted to set boundaries with him,

(e)    sexually harassing Furlow when she was nice to him,

CREIGHTON & ROSE, PC  ATTORNEYS AT LAW
735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

(f)      grabbing her genitals and forced himself on her in his office,

(g)      manipulating her to ensure she did not report his behavior by making comments such as "my wife can't find out" and "I have more to lose than you," and,

(h)      not taking no for an answer and acting in a "forceful and very pushy" way to achieve his ends.

17.     On or around June of 2024, Furlow saw a potential client of STARS in the workplace that she knew because he had raped her when she was a teenager. Seeing her rapist triggered Furlow's trauma response. After Furlow informed Johnson that she felt unsafe due to her rapist's presence, Johnson requested that the intake coordinator still assess the potential client, but refer him out for services. Johnson gave the directive in front of Furlow. The intake coordinator refused to do this.

18.     Furlow then went to the outpatient female counselor and reported her previous victimization by the potential client, as well as Johnson's sexual harassment. The counselor encouraged Furlow to report Johnson, as the counselor had a duty to report him due to her ethical obligations.

19.     After Furlow reported Johnson, Furlow went on paid administrative leave for two weeks. Johnson was terminated. During her paid administrative leave, Furlow also reported Johnson to the licensing board, and his license was suspended for 5 years. Furlow gave a copy of that report to Defendant's Human Resources.

20.     After Johnson's termination, Furlow learned that he had been terminated by his previous employer and that his previous supervisor called him a "predator" due to his treatment

CREIGHTON
& ROSE, PC | ATTORNEYS
AT LAW

735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 5 –  COMPLAINT

of women at the workplace. This was/or should have been known by Defendants had they done a simple reference check before hiring Johnson to work directly with vulnerable populations.

21.     Furlow did not feel safe and feared returning to the same workplace where she was abused and would be detrimental to her mental health. Furlow requested to work remotely after her administrative leave, but her request was denied.

22.     Furlow returned to her workplace and tried to resume her duties, but Furlow was triggered daily in the workplace, causing her emotional distress.

23.     In December of 2025, Furlow learned from a previous STARS peer support specialist that she had also been abused at work by Johnson and reported his behavior to her supervisor in the weeks before Johnson began exploiting Furlow. Defendants continued to employ Johnson as a manager after this report, which allowed him to perpetuate his abuse against Furlow.

24.     Additionally, Sabrina, the current care coordinator, shared with Furlow that she reported concerns about another peer support specialist employed at STARS and Johnson to her supervisor, prior to Furlow's employment.

25.     Had Defendants dealt with the report referenced in paragraphs 23 and 24 in a timely and effective manner, Johnson would not have been in a position to sexually harass Furlow.

26.     Furlow, subjected to the stress of her continued work in the workplace where she had been abused, as well as these revelations, was no longer able to work due to her emotional distress. In December of 2025, she took a leave from work.

27.     After Furlow's leave, she was still not able to return to the same workplace she

CREIGHTON & ROSE, PC     ATTORNEYS AT LAW
735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

had been abused without suffering extreme emotional distress.

28.    The work environment that Mid-Valley and Samaritan Health intentionally maintained by failing to perform reference checks, failing to investigate complaints, and failing to discipline was so intolerable that Furlow was compelled to leave employment with Samaritan Health.

## V. CLAIMS FOR RELIEF
## FIRST CLAIM FOR RELIEF
### (20 USC §1681 - Title IX; Sex Discrimination)

29.    As applicable, Plaintiff incorporates the above.

30.    Plaintiff was subjected to discrimination on the basis of sex by Defendants.

31.    Defendants are corporations that receive federal financial assistance and are principally engaged in the business of providing education, health care, housing, social services, or parks and recreation.

32.    Defendants' conduct as described herein was the proximate cause of the Plaintiff's injuries. Plaintiff is entitled to compensation from Defendants for her injuries, including physical and mental distress, pain, suffering, fear, panic and trauma in the amount the jury may deem reasonable and just to compensate Plaintiff for the harms and losses that flowed from Defendants' actions.

33.    Plaintiff is entitled to reimbursement of her reasonable attorneys' fees and costs pursuant to 42 USC §1988(b).

34.    Plaintiff is entitled to an award of punitive damages from Defendants to punish Defendants and deter Defendants and others from similar conduct in the future.

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW

735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 7 – COMPLAINT

## SECOND CLAIM FOR RELIEF
### (18 USC §1595 - Trafficking Victims Protection Act; Civil Remedy)

35.     As applicable, Plaintiff incorporates the above.

36.     Johnson knowingly obtained the services of Plaintiff by means of a scheme, plan, or pattern intended to make her believe that if she did not perform such services she would suffer serious harm.

37.     Defendants should have known that Johnson engaged in the behavior referenced in paragraph 36 during his employment with Defendants, and Defendants benefitted therefrom.

38.     Defendants' conduct as described herein was the proximate cause of the Plaintiff's injuries. Plaintiff is entitled to compensation from Defendants for her injuries, including physical and mental distress, pain, suffering, fear, panic and trauma in the amount the jury may deem reasonable and just to compensate Plaintiff for the harm and losses that flowed from Defendants' actions.

39.     Plaintiff is entitled to reimbursement of her reasonable attorneys' fees and costs pursuant to 18 USC §1595(a).

40.     Plaintiff is entitled to an award of punitive damages from Defendants to punish Defendants and deter Defendants and others from similar conduct in the future.

## THIRD CLAIM FOR RELIEF

### Sex Discrimination (Hostile Work Environment) (ORS 659A.030(1)(b))

41.     As applicable, Plaintiff incorporates the above.

42.     As described above, Plaintiff alleges that Defendants violated ORS 659A.030(1)(b), by taking adverse action against her in the terms, conditions, and privileges of

CREIGHTON & ROSE, PC    ATTORNEYS AT LAW

735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

her employment because of her sex by maintaining a hostile work environment.

43.     As a result of Defendants' wrongful conduct, Plaintiff has suffered economic and non-economic damages. Plaintiff seeks compensation from Defendants in an amount to be determined by a jury at trial.

44.     Plaintiff is entitled to all equitable remedies available to her by statute.

45.     Plaintiff is entitled to punitive damages because Defendants acted with a reckless and outrageous indifference to a highly unreasonable risk of harm and with a conscious indifference to the health, safety, and welfare of others.

46.     Plaintiff is entitled to past and future lost wages, her reasonable attorneys' fees and costs pursuant to ORS 659A.885, 28 USC 2412 (a)(1), and ORS 20.107, and all other remedies available at law.

47.     Plaintiff is entitled to a declaration that Defendants violated her rights under ORS 659A.030(1) and an order requiring Defendants to take appropriate steps to make her whole.

## FOURTH CLAIM FOR RELIEF

### Sex Discrimination (Discharge (Constructive)) (ORS659A.030(1)(a))

48.     As applicable, Plaintiff incorporates the above.

49.     As described above, Plaintiff alleges that Defendants violated ORS 659A.030(1)(a), by constructively discharging Plaintiff from employment because of her sex.

50.     As a result of Defendants' wrongful conduct, Plaintiff has suffered economic and non-economic damages. Plaintiff seeks compensation from Defendants in an amount to be determined by a jury at trial.

51.     Plaintiff is entitled to all equitable remedies available to her by statute.

CREIGHTON & ROSE, PC   ATTORNEYS AT LAW

735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

52.    Plaintiff is entitled to punitive damages because Defendants acted with a reckless and outrageous indifference to a highly unreasonable risk of harm and with a conscious indifference to the health, safety, and welfare of others.

53.    Plaintiff is entitled to past and future lost wages, her reasonable attorneys' fees and costs pursuant to ORS 659A.885, 28 USC 2412 (a)(1), and ORS 20.107, and all other remedies available at law.

54.    Plaintiff is entitled to a declaration that Defendants violated her rights under ORS 659A.030(1) and an order requiring Defendants to take appropriate steps to make her whole.

## FIFTH CLAIM FOR RELIEF

### Negligence- State Common Law

55.    As applicable, Plaintiff incorporates the above.

56.    As described above, Plaintiff alleges that Defendants were negligent in hiring and/or supervising Johnson, and that this negligence resulted in damage to Plaintiff.

57.    As a result of Defendants' negligence, Plaintiff has suffered economic and non-economic damages. Plaintiff seeks compensation from Defendants in an amount to be determined by a jury at trial.

58.    Plaintiff is entitled to all equitable remedies available to her by statute.

**WHEREFORE**, Plaintiff prays for her costs and disbursements incurred herein and for the following in accordance with the proof at trial:

1.    Economic damages;

2.    Non-economic damages;

3.    Punitive damages;

CREIGHTON & ROSE, PC    ATTORNEYS AT LAW
735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

4.      Reasonable costs;

5.      Prejudgment and post judgment interest as appropriate and allowed by law;

6.      Plaintiff's reasonable attorney fees, costs and disbursements;

7.      Any and all other relief as this court may deem proper.


**PLAINTIFF DEMANDS A JURY TRIAL**

DATED this 10th day of July, 2026.                     CREIGHTON & ROSE, PC


 *s/ Beth Creighton*
BETH CREIGHTON, OSB #972440
beth@civilrightspdx.com
KRISTIN BELL, OSB #235024
kristin@civilrightspdx.com
Of Attorneys for Plaintiff

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
735 SW First Ave, #300
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
beth@civilrightspdx.com

PAGE 11 – COMPLAINT